

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| DEL SLAGLE, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:06-1273-HFF-BM |
| § | |
| MICHAEL J. ASTRUE,[*] Commissioner § | |
| of Social Security, § | |
| § | |
| Defendant. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND AFFIRMING THE DECISION OF DEFENDANT**

This is an action filed seeking review of a decision of the Commissioner of Social Security (Defendant) denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court affirm the decision of Defendant. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

---

[*]On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the Defendant in this suit.

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 21, 2007.  Plaintiff filed objections to the Report on June 8, 2007, and Defendant filed a reply on June 22, 2007.  The Court has made a de novo review of those portions of the Report to which Plaintiff objects, but finds the objections to be without merit.

Plaintiff first argues that it is objectionable that the Report relies on decisional law by courts in other circuits.  A review of the Report indicates, however, that the Magistrate Judge cited Fourth Circuit or Supreme Court precedent on nearly every issue raised by Plaintiff.  The Magistrate Judge sometimes cited to other circuit courts in addition to the Fourth Circuit or the Supreme Court.  Such reference merely adds support to the precedent set by the Fourth Circuit or the Supreme Court.  Moreover, while decisions from courts in other circuits is not binding authority in the Fourth Circuit, such cases provide persuasive authority.

Plaintiff next argues that the Report fails to reconcile the Fourth Circuit's mandate that an Administrative Law Judge (ALJ) comply with the administration's two-step process for analyzing a claimant's pain with the ALJ's failure to actually do so.  The Magistrate Judge, however, noted that  the ALJ relied on both objective evidence and Plaintiff's own subjective testimony.

Plaintiff finally argues that the Report fails to address the issue of the government's use of post hoc rationalization to bolster the ALJ's decision in this case.  Plaintiff further alleges that the Report itself contains a wide breadth of after-the-fact rationalization.  The Court has reviewed the

Report and finds that the Magistrate Judge did not rely on after-the-fact rationalization when suggesting that the decision of the Commissioner be affirmed.

After a thorough review of the Report, the objections, the reply, and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein.  Therefore, it is the judgment of this Court that the decision of Defendant be **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 27th day of September, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd           
 HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
